JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERESA BASSI,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC.; DOES I through X, inclusive and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-02929-RFB-NJK<br><br>**STIPULATION TO EXTEND**<br>**DISCOVERY SCHEDULE**<br>**(FIRST REQUEST)** |

**1. The parties can show good cause for the delay in filing the present stipulation.**

This stipulation is submitted in accordance with LR II 26-4 as it is filed within 21 days of the expiration of the Initial-Expert Disclosure Deadline of May 21, 2018.

The requirements to show good cause under LR 26-4 are the same as that for the modification of the scheduling order under Fed. R. Civ. P. 16(b).[1] "The good cause standard primarily considers the diligence of the party or parties seeking the extension. If the party seeking the modification 'was not diligent, the inquiry should end' and the motion should not be granted."[2] In assessing whether good cause exists for an extension of time to complete discovery, the" Court looks to the quality and diligence of prior discovery efforts. It must weigh those efforts against the 'what,' 'why,' 'when,' and 'how' of the

---

[1] *Liguori v. Hansen*, Case No. 11-cv-00492, 2012 U.S. Dist. LEXIS 30076, *19 (D. Nev. Mar. 6, 2012).

[2] *Liguori*, 2012 2012 U.S. Dist. LEXIS at *20; (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)),

discovery that remains…"[3]

In sum, good cause is present and can be gleaned from the following facts: 1) the parties have conducted extensive and wide-ranging discovery; 2) the parties for several weeks were engaged in negotiations to have a private mediation in this matter; however, the parties could not agree on the parameters of the mediation; 3) due to health issues there were delays with Plaintiff serving discovery responses and sitting for her deposition; 4) because no video surveillance was preserved of the accident Plaintiff had to take the depositions of employee witnesses to ascertain the location of the incident. Armed with this information Plaintiff now will retain an expert to conduct a site inspection of the location of the incident; 5) Defendant needs additional time to recover Plaintiff's medical records so that it can have a complete set of records that its medical expert can review for his expert report; and 6) the parties have been diligent thus far in discovery as evidenced by the amount of discovery that has been done while not requesting any extensions until now.

IT IS HEREBY STIPULATED AND AGREED by and between DAVID A TANNER, ESQ. of the TANNER LAW FIRM, Attorneys for Plaintiff TERESA BASSI, and JERRY S. BUSBY, ESQ. of the law firm COOPER LEVENSON, P.A., Attorneys for Defendant SMITH'S FOOD & DRUG CENTERS, INC. that certain discovery deadlines in this matter be continued for a period of 45 days to allow Defendant additional time to disclose its rebuttal experts and for the parties to file dispositive motions thereafter in order to be ready for trial. Nothing in this stipulation should be construed as to imply either party to waive any objections or other oppositions to the timeliness of any disclosures or the ability of any experts or other witnesses to be allowed to testify at trial.

A. **STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed. R. Civ. P. 26(f) conference;
2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).
3. Both parties have served and responded to written discovery including interrogatories, requests for admissions, and requests for production of documents.
4. Plaintiff and Defendant have collected most of Plaintiff's medical records.

---

[3] *Liguori*, 2012 2012 U.S. Dist. LEXIS at *20.

CLAC 4490796.1

5. Defendant has deposed Plaintiff.

6. Plaintiff has deposed SMITH'S employee Pablo Paz.

7. Plaintiff has deposed SMITH'S employee Keneya Powell.

8. Plaintiff has deposed SMITH'S Rule 30(b)(6) deposition.

B. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**

In addition to the discovery set forth above, Plaintiff intends on retaining a liability expert and conducting a Rule 34 inspection of the store. Defendant needs additional time to retain a medical expert. In addition, Defendant needs to collect medical records from newly discovered medical providers. The parties intend to depose experts disclosed by either side prior to trial and may need to depose some of Plaintiff's treating physicians.

C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER**

Defendant's medical expert did not complete analysis of the medical evidence as several depositions were recently completed and Defendant has not yet received complete medical records. Without said information, Defendant's medical expert is unable to provide a complete and final report.

Plaintiff was not able to conduct a site-inspection of the store because it is unknown where the exact location inside the store is where the accident occurred. To get this information Plaintiff took the depositions of various SMITH'S employees which recently concluded.

D. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the deadlines for Defendant's Disclosure of Rebuttal Experts, Close of Discovery, and Dispositive Motions in this case be continued 45 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date will be extended 46 days from its present deadline of **July 20, 2018 to Tuesday, September 4, 2018.**

2. **Amending the Pleadings and Adding Parties:** The parties are *not* requesting an extension of this deadline.

3. **Fed.R.Civ.P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the Initial Expert Disclosure deadline will be extended 45 days from its present deadline of **May 21, 2018 to Thursday, July 5, 2018** and Rebuttal Expert Disclosure deadline will be extended from its present deadline of June 20, 2018 to **Friday, August 3, 2018.**

4. **Interim Status Report:** The parties shall file the interim status report required by LR 26-3 by **Thursday, July 5, 2018**, which is 60 days before the discovery cutoff date.

5. **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to **Thursday, October 4, 2018**, thirty (30) days after the close of discovery.

6. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **Monday, November 5, 2018**, 32 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

8. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

9. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

10. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format

compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

**11. Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline.

Respectfully submitted this 18th day of May, 2018.

| | |
|---|---|
| TANNER LAW FIRM | COOPER LEVENSON, P.A. |
| /s/ David A. Tanner<br>DAVID A. TANNER, ESQ.<br>Nevada Bar No. 008282<br>8635 South Eastern Avenue<br>Las Vegas, NV 89123<br>(702) 987-8888<br>Attorney for Plaintiff<br>TERESA BASSI | /s/ Jerry S. Busby<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 001107<br>1835 Village Center Circle<br>Las Vegas, Nevada 89134<br>(702) 366-1125<br>Attorneys for Defendant<br>SMITH'S FOOD & DRUG CENTERS, INC. |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 21, 2018

5

CLAC 4490796.1