JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERESA BASSI,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC.; DOES I through X, inclusive and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-02929-RFB-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY SCHEDULE (SECOND REQUEST)** |

**1. The parties can show good cause for the delay in filing the present stipulation.**

This is the second and final stipulation submitted under LR II 26-4. The parties had a private mediation on June 25, 2018. Unfortunately, a settlement was not reached. Additional time is needed so both parties can retain medical experts to address what has emerged as the most significant issue in the case: did the accident cause Plaintiff to sustain a Traumatic Brain Injury? After retaining said experts, the parties will need time to disclose their respective experts, take each expert's deposition and potentially prepare motions. This stipulation is filed within 21 days of the expiration of the Initial-Expert Disclosure Deadline of July 5, 2018.

The requirements to show good cause under LR 26-4 are the same as that for the modification of the scheduling order under Fed. R. Civ. P. 16(b).[1] "The good cause standard primarily considers the diligence of the party or parties seeking the extension. If the party seeking the modification 'was not

---

[1] *Liguori v. Hansen*, Case No. 11-cv-00492, 2012 U.S. Dist. LEXIS 30076, *19 (D. Nev. Mar. 6, 2012).

CLAC 4548772.1

diligent, the inquiry should end' and the motion should not be granted."[2] In assessing whether good cause exists for an extension of time to complete discovery, the" Court looks to the quality and diligence of prior discovery efforts. It must weigh those efforts against the 'what,' 'why,' 'when,' and 'how' of the discovery that remains..."[3]

In sum, good cause is present and can be gleaned from the following facts: 1) the parties have conducted extensive and wide-ranging discovery; 2) there were numerous delays in discovery caused by health issues; 3) Plaintiff's alleged damages are complex in that Plaintiff is alleging the accident at SMITH'S caused her to sustain a Traumatic Brain Injury; and 4) the parties had a private mediation on June 25, 2018. Largely due to the complexities of Plaintiff's alleged damages, the mediation was not successful.

IT IS HEREBY STIPULATED AND AGREED by and between DAVID A TANNER, ESQ. of the TANNER LAW FIRM, Attorneys for Plaintiff TERESA BASSI, and JERRY S. BUSBY, ESQ. of the law firm COOPER LEVENSON, P.A., Attorneys for Defendant SMITH'S FOOD & DRUG CENTERS, INC. that certain discovery deadlines in this matter be continued for a period of 45 days to allow the parties additional time to disclose their experts and for the parties to file dispositive motions thereafter in order to be ready for trial. Nothing in this stipulation should be construed as to imply either party to waive any objections or other oppositions to the timeliness of any disclosures or the ability of any experts or other witnesses to be allowed to testify at trial.

IT IS FURTHER STIPULATED AND AGREED that the parties will not file a motion or make any argument that damages were not timely or appropriately disclosed.

A. **STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**
   1. The parties participated in the Fed. R. Civ. P. 26(f) conference;
   2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).
   3. Both parties have served and responded to written discovery including interrogatories, requests for admissions, and requests for production of documents.

---

[2] *Liguori*, 2012 2012 U.S. Dist. LEXIS at *20; (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)),

[3] *Liguori*, 2012 2012 U.S. Dist. LEXIS at *20.

2

CLAC 4548772.1

4. Plaintiff and Defendant have collected most of Plaintiff's medical records.

5. Defendant has deposed Plaintiff.

6. Plaintiff has deposed SMITH'S employee Pablo Paz.

7. Plaintiff has deposed SMITH'S employee Kenya Powell.

8. Plaintiff has deposed SMITH'S Rule 30(b)(6) deposition.

B. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**

In addition to the discovery set forth above, Plaintiff intends on retaining a liability expert and conducting a Rule 34 inspection of the store. The parties both need to retain a medical expert. Specifically, Defendant will retain a Neurologist. The parties intend to depose experts disclosed by either side prior to trial and may need to depose some of Plaintiff's treating physicians.

C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER**

Given the private mediation that was conducted on June 25, 2018, the parties focused their efforts and resources on the mediation to make it successful.

Defendant has had a difficult time locating and retaining a Neurologist. Defense counsel has telephoned several Neurologists but due to scheduling conflicts could not retain any of them. With that said, Defense counsel believes that it will have a Neurologist retained this week.

Plaintiff was not able to conduct a site-inspection of the store because it is unknown where the exact location inside the store is where the accident occurred.

D. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the deadlines for Defendant's Disclosure of Rebuttal Experts, Close of Discovery, and Dispositive Motions in this case be continued 45 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date will be extended 46 days from its present deadline of September 4, 2018 to **Friday, October 19, 2018.**

2. **Amending the Pleadings and Adding Parties:** The parties are *not* requesting an

extension of this deadline.

**3. Fed.R.Civ.P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the Initial Expert Disclosure deadline will be extended 45 days from its present deadline of July 5, 2018 to **Monday, August 20, 2018.**

Rebuttal Expert Disclosure deadline will be extended from its present deadline of August 3, 2018 to **Wednesday, September 19, 2018.**

**4. Interim Status Report:** The parties shall file the interim status report required by LR 26-3 by **Monday, August 20, 2018**, which is 60 days before the discovery cutoff date.

**5. Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to **Monday, November 19, 2018**, thirty (31) days after the close of discovery.

**6. Pretrial Order:** The date for filing the joint pretrial order shall not be later than **Wednesday, December 19, 2018**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**7. Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**8. Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

**9. Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

CLAC 4548772.1

**10. Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre Trial Order.

**11. Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline.

Respectfully submitted this 2nd day of July, 2018.

| | |
|---|---|
| TANNER LAW FIRM | COOPER LEVENSON, P.A. |
| /s/ David A. Tanner | /s/ Jerry S. Busby |
| DAVID A. TANNER, ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar No. 008282 | Nevada Bar No. 001107 |
| 8635 South Eastern Avenue | 1835 Village Center Circle |
| Las Vegas, NV 89123 | Las Vegas, Nevada 89134 |
| (702) 987-8888 | (702) 366-1125 |
| Attorney for Plaintiff | Attorneys for Defendant |
| TERESA BASSI | SMITH'S FOOD & DRUG CENTERS, INC. |

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 3, 2018

CLAC 4548772.1